ALICE BOZOIAN *et al. vs.* ALBERT M. BERARD *et al.*

JULY 28, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an appeal by the complainants from the entry of a decree denying and dismissing with prejudice their bill of complaint at a session of the superior court in the city of Woonsocket in this state.

The bill was brought by the widow and heirs-at-law of Hachadoor Bozoian, who died in Woonsocket on or about May 23, 1953, to cancel a written agreement for the sale of certain premises in that city to the respondents, real

estate operators, on the ground of Bozoian's unsoundness of mind. The respondents' answer denied all material allegations of the bill and further prayed, among other things, that the agreement be reformed to rectify mutual mistakes and that complainants be ordered specially to perform the agreement as reformed. A replication to the answer was duly filed.

When the cause was called for trial, complainants objected to proceeding therewith on the ground that it had been assigned to the Woonsocket calendar in disregard of the provisions of general laws 1938, chapter 498, §§5 and 7, which are as follows. Section 5 provides, among other things, that the superior court holden at Providence shall from time to time make up a list of causes to be tried at Woonsocket and shall hold sessions in that city at certain specified times. Section 7 states that in making up such list "causes may be placed thereon by agreement of the parties, and also upon motion of either party when *in the opinion of the court* such causes can be tried at the place, for which the list is made up, more conveniently for the parties and more economically than at the place where such causes are entered." (italics ours)

The language of the statute is clear. Unless the parties agree, a cause entered in the superior court at Providence cannot be assigned for trial at Woonsocket in the absence of a ruling by the court that such an assignment would be more convenient and economical for the parties. The record presently before us fails to show any such judicial action on respondents' motion to assign, which they admit was defective in omitting to specify that the requested assignment was for the session of the superior court holden at Woonsocket. Relying on the motion as written, complainants did not oppose it. Although thereafter they acquired knowledge that the cause had actually been assigned to the Woonsocket calendar, they took no action until it was called for trial in that city at which time, for

the reason hereinbefore stated, they refused to proceed under the assignment as made.

The respondents contend that since complainants learned of the assignment on the admittedly defective motion, they were bound to go on with the trial as they had taken no "action to cure the defect." Such contention is an unwarranted attempt by respondents to shift the burden to correct a fundamental error for which they alone were responsible. Assuming that complainants' counsel might have shown a more cooperative attitude in the matter, nevertheless he was under no legal obligation to protect them against a defective motion for the assignment of the cause to the Woonsocket calendar. The trial justice apparently adopted respondents' view and, overruling in a rather summary manner complainants' objection to the validity of the assignment, he ordered them to proceed with the trial. Evidently desiring to preserve their point respecting the question of jurisdiction, they declined to do so. In the circumstances the trial justice committed prejudicial error in entering the hereinafter-mentioned decree. That conclusion makes it unnecessary to consider certain other reasons of appeal urged by complainants.

The transcript presently before us shows that there was noticeable haste on the part of the court in dealing with the various questions at issue, a procedure that is not conducive to the proper and judicial administration of the law. The decree reads as follows: "1—That the Bill of Complaint is denied and dismissed with prejudice. 2—The Cross Bill is dismissed without prejudice."

The decree as phrased in effect precludes complainants, through no fault on their part and without a trial of the cause on its merits, from obtaining in the future a judicial determination thereof since such decree *denied and dismissed* the bill *with prejudice.* On the other hand the respondents, who committed the initial error and whose crossbill was *dismissed without prejudice,* are left free to

prosecute their claim in the future without any handicap. In our judgment the decree is clearly unjust to these complainants.

The complainants' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*George Ajootian,* for complainants.

*Irving I. Zimmerman,* for respondents.